UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GEORGE H. JACKSON,

Plaintiff,

v.

SEARS,

Defendant.

Civil No. 01-1881 (DSD/JMM)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). As discussed more fully below, the Court finds that Plaintiff cannot be granted IFP status at this time because his current Complaint fails to state a claim on which relief can be granted. However, Plaintiff will be given an opportunity to file an Amended Complaint, and if he does so within the time allowed by this order, his IFP application will then be reconsidered.

An IFP application will be denied and the action dismissed when a plaintiff has filed a Complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP Complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a Complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the Complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on

FILED OCT 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

The instant Complaint is set forth on a pre-printed form entitled "TITLE VII COMPLAINT AND MOTION FOR OTHER RELIEF." (Docket No. 1.) Plaintiff's use of this form suggests that he is attempting to bring a claim based on some type of discriminatory conduct relating to his past or present employment, but his pleading includes no other material information regarding the factual and legal bases for his claim(s). Paragraph 12 of the Complaint form states that "[a] copy of the charge to the Equal Employment Opportunity Commission [EEOC] is attached to this Complaint and is submitted as a brief statement of the facts of [the] claim." However, no such "charge" was actually submitted, and the Complaint therefore does not include any "brief statement of the facts." Paragraph 14 of the Complaint form indicates that "Plaintiff(s) has no adequate remedy at law to redress the wrongs described below," but no such "wrongs" are actually "described below" -- or anywhere else in the Complaint.

The Court finds that the instant Complaint is deficient because Plaintiff has not described the specific wrongful acts or omissions on which his claims are based, nor has he identified any of the individuals who allegedly are responsible for any such wrongful acts or omissions. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Furthermore, he has not adequately described any specific harm that he has suffered as a result of any such misconduct. In short, even with the liberal construction

---

which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant Complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant Complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

that is required in pro se cases (Atkinson, 91 F.3d. at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), the Complaint fails to state any claim on which relief may be granted because it does not include any factual allegations of any kind.

Because Plaintiff's Complaint does not set forth sufficient factual allegations to state any cognizable claim, his IFP application cannot be granted at this time, and the action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff may file an Amended Complaint if he believes that he can plead sufficient factual allegations to support an actionable claim.

If Plaintiff elects to file an Amended Complaint, he must submit an entirely new pleading identified as "Amended Complaint." Any such Amended Complaint must be a complete and adequate pleading by itself; it should not be merely a supplemental addition to the original Complaint. Needless to say, any Amended Complaint must provide a more comprehensive explanation of the factual and legal grounds on which Plaintiff's claims are based. Plaintiff must explain the underlying facts of his case in separate numbered paragraphs, as prescribed by Fed. R. Civ. P. 10(b).

If Plaintiff elects to file an Amended Complaint, he must do so within twenty (20) days after the date of this Order. If Plaintiff does not file an Amended Complaint within the time allowed, it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees (Docket No. 2) is DENIED at this time; and

2. Plaintiff shall be permitted to file an Amended Complaint within twenty (20) days after the date of this Order, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: October 30, 2001

JOHN M. MASON
United States Magistrate Judge