UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GEORGE H. JACKSON, SR.

Plaintiff,

v.

SEARS,

Defendant.

CIVIL NO. 01-1881 (DSD/JMM)

REPORT AND RECOMMENDATION

Plaintiff filed the Complaint in this action [Docket No. 1] and an Application to Proceed In Forma Pauperis ("IFP") [Docket No. 2] on October 15, 2001. The Court issued an Order denying the Application to Proceed IFP [Docket No. 3]. In that Order, the Court explained that Plaintiff's Complaint failed to state a claim on which relief could be granted. However, rather than dismissing the Complaint,[1] we gave Plaintiff until November 19, 2001 to file an Amended Complaint containing a more comprehensive explanation of the legal and factual grounds on which his claims were based. In the Order, we stated that "[i]f Plaintiff does not file an Amended Complaint within the time allowed, it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b)."

Rule 41(b) provides for involuntary dismissal of an action where a plaintiff has failed to prosecute the case or failed to comply with an Order of the Court. As of the date of this Order, Plaintiff has not filed an Amended Complaint as he was ordered to do by the

---

1 An IFP application will be denied and the action dismissed when a plaintiff has filed a Complaint that fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

FILED DEC 0 5 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Court. Accordingly, the Court recommends that the Complaint be dismissed without prejudice.

The effect of a dismissal without prejudice is to terminate the current case, without foreclosing Plaintiff from bringing a new case in the future based upon the same alleged wrongs. The current dismissal was caused by Plaintiff's failure to follow the Court's rules and Orders. Should Plaintiff decide to bring a new case, that case would also be subject to dismissal in the event of similar procedural failures by Plaintiff.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Complaint [Docket No. 1] be dismissed without prejudice.

Dated: December 4, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **December 19, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.